Dear Mr. Maygarden:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion regarding the deadline for the Special Assessment Level. Specifically, you ask the following:
 (1) Can a property owner apply to have the Special Assessment Level placed on his or her assessment for a tax year after the closure of the rolls for that year?
 (2) In Orleans Parish, what is the latest calendar date in any year at which a property owner can apply to the Assessor for the Special Assessment Level for it to be placed on his or her assessment for the ensuing tax year?
 (3) Can the Special Assessment level be placed on an assessment in any case if a property owner applies for it after closure of the rolls for a specific tax year, i.e., is there any case in which the Special Assessment level can be placed on a property retroactively?
Before addressing your question, we must advise that the determination of whether property is subject to homestead exemption and the SAL is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. Article VII, Section 18 of the Louisiana Constitution of 1974 and La. R.S. 47:1952. In accord are Attorney General Opinion Nos. 00-321 and 01-315.
La. R.S. 47:1712 provides the procedure for applying for the SAL:
 Any person who qualifies for the special assessment level set forth in Article VII, Section 18(G) of the Constitution of Louisiana shall apply for the special assessment by completing an application form *Page 2 
certifying his qualifications for the special assessment. Such application may be submitted in person or by first class mail. The application form shall be designed by the tax commission and shall be provided to every assessor in this state. The assessor shall not keep a copy of the applicant's federal or state income tax return or picture identification of the applicant for his records.
Once the homeowner qualifies for and receives the SAL, the SAL remains on the property as long as the homeowner continues to meet the requirements in La. Const. art. VII, Sec. 18(G)(1) and submits an annual income certification. However, under art. VII, Sec. 18(G)(1)(iv), an annual income certification is not required by an owner who has qualified for and received the SAL and who is sixty-five years of age or older or to such owner's surviving spouse.
With regard to your first and second questions, there is no "latest date" that a property owner can apply for the SAL. Because the Louisiana Constitution does not provide a deadline for applying for the SAL, once a person meets the requirements set forth in La. Const. art. VII, Sec.18(G)(1), he becomes entitled to have the SAL for that year frozen and applied in the subsequent tax year, even if after the closure of the rolls. In this regard, the SAL mirrors the homestead exemption, which can be applied for at any time.
However, unlike the Homestead Exemption, which may be applied retroactively if a homeowner can demonstrate he resided in his home during the relevant calendar year, a homeowner who qualifies for the special assessment level becomes entitled to it for the ensuing tax year. La. Const. art. VII, Sec. 18(G)(1)(a)(iv); see also Atty. Gen. Op. No. 07-0273. Therefore, the SAL cannot be applied retroactively to the months or years before the homeowner applied for the SAL.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly, JAMES D. "BUDDY" CALDWELLAttorney General
By: _____________________________Lindsey K. HunterAssistant Attorney General
 JDC/LKH/crt